**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL TEODORO AROS,<br><br>Defendant. | No. 1:17-CR-00164-JLT-SKO-7<br><br>ORDER DENYING DEFENDANT'S MOTION TO CORRECT JUDGMENT UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 36 AND MOTION FOR DOWNWARD DEPARTURE UNDER UNITED STATES SENTENCING GUIDELINES §§ 5K2.23, 5G1.3(b)<br><br>(Doc. 140) |

Manuel Teodoro Aros is a federal prisoner moving to correct his sentence under Fed. R. Crim. P. 36 and for a downward departure under U.S.S.G. §§ 5K2.23 and 5G1.3(b). (Doc. 140.) Aros contends that the sentencing court intended for his sentence in the instant case to run concurrently to his state sentences. (*Id*. at ¶¶ 5, 7.) For the reasons explained below, the motion is **DENIED**.

**BACKGROUND**

Aros pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C § 846 and 841(a)(1). (Doc. 109 at 5.) Based on a total offense level of 33 and criminal history category VI, the sentencing guidelines called for a range of 235 to 293 months. (*Id*. at 16.) Aros was sentenced to 164 months on June 3, 2019, a significant downward departure from the range the guidelines called for. (Doc. 114.)

1  Aros is currently incarcerated at FCI Herlong and has a projected release date of October
2  30, 2031[1]. (*Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last
3  visited May 22, 2024).) On April 4, 2018, Aros moved to correct his sentence under Rule 36 and
4  for a downward departure under U.S.S.G. §§ 5k2.23 and 5G1.3(b). (*See* Doc. 140.)

## LEGAL STANDARD

Rule 36 allows a Court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "The rule exists for corrections rather than any substantive change or amendment." *United States v. Oliver*, No. 2:14-CR-00128-TLN, 2019 WL 2465499, at *2 (E.D. Cal. June 13, 2019) (internal punctuation omitted). District Courts cannot use Rule 36 to correct inaccuracies that are not clerical in nature. *Id.*

Fed. C. Civ. P. 60 partially defines what constitutes a clerical error under Rule 36. *Id.* Clerical errors under Rule 36 are "blunders in execution" consistent with what the court initially intended to do, rather than a vehicle for the court to change its mind or alter a sentence. *Id.* However, "the district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence." *United States v. Dickie,* 752 F.2d 1398, 1400 (9th Cir.1985). Rule 36 can only be used to "conform the sentence to the term which the record indicates was intended." <u>United States v. Kaye</u>, 739 F.2d 488, 490 (9th Cir. 1984).

If an error is not clerical in nature, the court is without "authority to amend the sentence after entry of judgment and commitment order" under Rule 36. *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011).

## ANALYSIS

**A.   Aros is not entitled to relief under Rule 36**

Aros argues that he is entitled to relief under Rule 36 because Judge O'Neill intended for his sentence in the instant case to run concurrently to his state court sentences. (Doc. 140 at 2.) He asks that the Court "review the Federal sentencing transcripts" and states, without citing any authority, that "[w]here a conflic[t] exist[s] between an orally pronounced sentence and the

---

[1] The government had previously stated that Aros' projected release date was September 6, 2030. (Doc. 157 at 5.).

2

written judgment, the oral sentence will control" (*Id*. at 3.) The government argues that "the record here reveals no clerical error, oversight or omission to be addressed under Rule 36," and requests and that Court deny Aros' motion under Rule 36.

The Court has reviewed the sentencing transcript (Docs. 147) as requested by Defendant. The pertinent parts read as follows:

> THE COURT: The Court has received and reviewed the Presentence Report, the defendant's objections and the defendant's sentencing memorandum. The Court notes the offense level is 33. History Category is VI. The guideline range is 235 to 293, with a recommendation by Probation in the middle of the guideline range of 264. The Court has considered the 3553(a) factors, which are extensive in this case.

(Doc. 147 at 2)

> THE COURT: Pursuant to the Sentencing Reform Act of 1984, and granting the pending motion before the Court, you are hereby committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 164 months. You shall pay a special assessment of a hundred dollars, payment to begin immediately, and the Court does find you do not have the ability to pay a fine, and that's waived. Upon release from imprisonment, you shall be placed on supervised release for a term of 60 months. Within 72 hours of release from the custody of the Bureau of Prisons, you shall report in person to Probation in the District where you are released. While on release, you shall note commit another federal, state, or local crime; not illegally possess controlled substances; cooperate in the collection of DNA, as directed by Probation; comply with the standard conditions recommended by the Sentencing Commission and adopted by the Court; shall refrain from any unlawful use of any controlled substances; shall submit to one drug test within 15 days of release from imprisonment and at least two thereafter, not to exceed four per month. The Court is going to order the seven special conditions which I can read or incorporate by reference.
>
> MR. CRAWFORD: Incorporate, your Honor.
>
> MS. SCOTT: Yes, your Honor.
>
> THE COURT: Done and ordered. The Court is going to recommend -- You are asking for Lompoc?
>
> MR. CRAWFORD: Yes, your Honor.
>
> THE COURT: The Court is going to recommend incarceration at FCI Lompoc as it accords with security classification and space availability. The Court is going to recommend to the Bureau of Prisons the 500-hour Bureau of Prisons Substance Abuse Treatment Program. The Court is also going to order the standard conditions of supervised release. I believe that other -- Are there remaining

|   |   |
|---|---|
| 1 | counts? |
| 2 | MS. SCOTT: Your Honor, I apologize, one second. |
| 3 | THE COURT: If there are, you are making a motion to dismiss? |
| 4 | MS. SCOTT: Yes. |
| 5 | THE COURT: Granted. Appellate rights have been waived. Is there anything else we need to accomplish today? |
| 6 | |
| 7 | MR. CRAWFORD: No, your Honor. |
| 8 | THE COURT: Okay. You have got a break here. Doesn't feel like it probably hugely, but you did. It could have been a lot worse. And it is time to turn it around and it is time to take it on yourself. Okay? |
| 9 | |
| 10 | THE DEFENDANT: All right. |

(Doc. 147 at 12-14.)

As shown in the above transcript, the Court did not, as Aros asserts, order that his federal sentence run concurrently with his state sentence. Therefore, Aros cannot show that the Court intended for the sentences to run concurrently or that there was a clerical error. Since there is no error to correct, the Court **DENIES** Aros' motion to correct judgment under Rule 36.

**B.**   **Aros is not entitled to an additional downward departure pursuant to §§ 5K2.23 or 5G1.3(b)**

A sentencing court may grant a downward departure under U.S.S.G. §§ 5K2.23 and 5G1.3(b) in instances whether a prior term of imprisonment is the result of "another offense that is relevant conduct to the instant offense." *United States v. Milton*, No. 2:13-CR-6035-EFS, 2022 WL 17345756, at *4 (E.D. Wash. Nov. 30, 2022) (internal quotations omitted).

Though Aros invokes U.S.S.G §§ 5K2.23 and 5G1.3(b), he provides no argument or authority to explain how these sections apply in the instant case. (*See* Doc. 140.) The Court is aware that Aros has a state court conviction (Doc. 109 at 8), but it is not clear that that conviction is relevant to the instant case.

The government argues that "[p]ursuant to U.S.S.G. § 5G1.3(d), the Court has discretion to order sentences imposed at different times be served concurrently, partially concurrently, or consecutively, 'to achieve a reasonable punishment for the instant offense.'" (Doc. 157 at 6.)

4

This discretion, the government argues, is "predicated upon a court's consideration of the sentencing factors listed in 18 U.S.C. § 3553(a)." (*Id.*) Therefore, "[t]he Court's statement that it had considered the statutory sentencing factors, the presentence report, and the defendant's objections and sentencing memorandum demonstrates its exercise of discretion." (*Id.*)

The Court agrees with the government's reasoning. The sentencing court exercised its discretion in granting a substantial downward departure after considering the § 3553 sentencing factors. (Docs. 114, 147.) Because of this, Aros received a 71-month downward variance from the low end of the applicable sentencing guideline range. Aros has failed to show that he is entitled to any further downward departures. The Court therefore **DENIES** Aros' motion for a downward departure pursuant to U.S.S.G §§ 5K2.23 and 5G1.3(b).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Aros' motion to correct his sentence under Fed. R. Crim. P. 36 and for a downward departure under U.S.S.G. §§ 5K2.23 and 5G1.3(b).

IT IS SO ORDERED.

Dated:   **May 22, 2024**

UNITED STATES DISTRICT JUDGE

5